[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HEARING ON PUNITIVE DAMAGES
Before going any further, again to readdress the question of whether or not this particular proceeding should be stayed, the Court ruled last week that its position is that this is not a mandatory injunction, certainly, and it's not a proceeding to enforce or carry out a judgment. It merely compliments it, it finishes it. However, rather than have several different appeals on different issues, there will be one appeal where you can challenge the merits, any rulings you desire to challenge as well as the award of punitive damages, and the amount thereof if you choose to do so.
Mr. Bollo, this Court rarely, if ever, refuses someone the right to brief something, but it's going to do it in this case, and, I think, with, good reason. The Court has heard Mr. Garamella fully and completely on this issue of what I might term "expanded punitive damages." May I choose my words carefully as I don't care to denigrate either one of you by what I may say. This plaintiff's theory is not truly a novel approach because we have these approaches in many other states and in the federal courts. Punitive damages in this state are becoming more problematic all the time particularly with the federal district court sitting on some of these cases such as proceedings under Title 42 Secs. 1983 and 1987 of the United States Code.
Some of the cases are coming down, one, I remember, I can't tell you the name of it, unfortunately, but the federal judge literally doubled the verdict — mathematically doubled it with really no great explanation as to why. Those cases certainly become punitive not in the sense of our classical utilization of this concept, but in the sense of truly penalizing a party. We do have these proceedings for punitive damages under many specific statutes. These of necessity must be applied according to those statutes. Interestingly enough none of these statutes has been successfully challenged as repugnant to the constitution.
For example, we have certain types of motor vehicle violations that qualify for double or treble damages under the appropriate pleadings; we have certain provisions under the product liability act. In a sense, it's a hodgepodge, and it is time, I suppose, that the supreme court at least had a second opportunity to take a look at it when the question is framed in the particular context that you've framed it today and last week as well. CT Page 5258
Now, to the reason you're not being permitted to brief the question as I'm sure you're somewhat upset by that ruling and perhaps a little bit surprised. The Court is not satisfied that Mr. Garamella has proven his case under this theory he has advanced. He's had the opportunity to put it on the record, and you will certainly have the opportunity to brief it fully and completely if he files a cross-appeal. So, in that sense, I don't think a brief, at this level, is necessary particularly since I'm not finding in his favor. The evidence I've heard on this particular issue is not sufficient to convince me to rule in the plaintiff's favor.
In summary, Mr. Bollo, whether you file a brief or not will make no difference in the Court's decision on this issue. I don't believe it's necessary, and therefore your request has been refused.
With respect to the punitive damages, the Court finds that the charges for counsel fees are, indeed, reasonable. It could be said that they are fair, just, and reasonable, but the only requirement imposed upon the Court is to find that they be reasonable. The Court may use its own experience in determining reasonableness. The client is familiar with Mr. Garamella and amount of and manner in which he sets his fees. He has represented them for some time as has his firm. No one was at all upset by this bill, nobody challenged any part of it, it was totally acceptable. One may legitimately infer from the evidence that it will be satisfied one way or another without resort to enforcement.
In addition, we have an attorney from Ridgefield who is financially interested in this land and tort litigation which arose out of it. He has been in practice for many years. He has examined the bill. He has been advised from time to time what the bill was as the representation progressed. He expresses no surprise, no dispute, and certainly, the fair import of his testimony, while he didn't specifically say it, presents a very strong inference for this Court to find that the fees charged are satisfactory to the partnership and, indeed, reasonable.
Accordingly, with respect to counsel fees, the Court finds the sum of $21,080 to be fair and reasonable up to this point, and it so awards that sum as punitive damages. Your reservation will be respected. If and/or when you prevail on the appeal, you'll be directed, again, to have the clerk assign the case for CT Page 5259 a hearing on additional damages of counsel fees. Hopefully at that time, the question of the attempt to create the expanded definition of punitive damage may well be resolved. You will both, then, have the opportunity to attack it with great vigor if you choose to do so.
Now, again, Mr. Bollo, if you feel you're being abused — and this is not sarcasm, I assure you — over the refusal to file a brief, I'll hear you further if you think it's necessary. This is not to foreclose you because if it is raised in a cross-appeal, you'll have every opportunity to attack it then. If it appears to the reviewing court — if this question is presented — that the Court should have and did not permit the filing the brief you requested to file, then, as far as this Court is concerned, it would be grateful to accept such a brief and consider its content at that stage of the proceedings.
Moraghan, J.